Seaborn vs. Henry & Co.

## SEABORN VS. HENRY & CO.

1. CONFLICT OF LAWS. *Presumption as to foreign laws.*
   This court presumes that the laws of Texas are the same as the laws of this State, in the absence of any averment or proof to the contrary.
2. ————. *Foreign judgment.*
   An action may be maintained in the courts of this State, on a personal judgment rendered against the defendant in a proceeding to foreclose the vendor's lien in a District Court of Texas.

APPEAL from *St. Francis* Circuit Court.

Hon. JOHN W. FOX, Circuit Judge.

*Adams* for appellant.

A judgment of another State, sought to be executed here by suit, must be executed according to our laws, unless the effect of the judgment be shown by proof to be different in the State where rendered. Story's Con. of Laws, sec. 556, pp. 467–68; secs. 637–38, pp. 527–28; Wharton's Con. of Laws, secs. 888, 780 ——.

Execution could not here issue upon such a judgment before sale of land. Code of Practice, secs. 406 and 422.

This judgment sued on is in the nature of a *fi. fa.* levied, and is *prima facie* satisfaction. *Youst* v. *Hopkins,* 24 Illinois, 329; *Cummins* v. *Webb,* 4 Ark., 231–32; *Whiting* v. *Beebe,* 12 Ark., 547–48–49–50; *Petit* v. *Johnson,* 15 Ark., 55; *Trapnall* v. *Richardson,* 13 Ark., 548–49.

S. W. WILLIAMS, SP. J.:

The appellees sued appellant in the St. Francis Circuit Court on a judgment rendered in the District Court of the County of

Cass, in the State of Texas. The complaint in that court, upon which the judgment was rendered, counts upon a note in the form following: "$1290. Davis County, Texas, June 4, 1869. On or before the 1st day of January, A. D. 1871, I promise to pay G. W. Seaborn, or bearer, the sum of twelve hundred and ninety dollars for land sold C. S. Myers by G. W. Seaborn, being a part of the headright of E. D. Hanks. (Signed) C. S. Myers."

The complaint is in the ordinary form of a complaint at law against C. S. Myers, as maker, and Seaborn, as guarantor of the note, setting out the making of the note and delivery thereof to Seaborn by Myers, and the endorsement and guarantee thereof to Henry & Co. by Seaborn. The appellees in that complaint then proceed to state that the note was given for the purchase money of land, describing its location and exhibiting a copy of a quit-claim deed from Seaborn to Myers, and claimed that the debt was a lien on the land in law and equity. The complaint then concludes with the usual averments of non-payment, etc., and with a prayer for judgment against defendants in that suit for the debt, and that the land be held bound for the same, and be decreed to be sold, and that the proceeds be applied in payment.

On this complaint the Texas court rendered a personal judgment in the ordinary common law form, against Seaborn and Myers, as follows: "It is therefore considered by the court that plaintiff, John Henry & Co., do have and recover of and from defendant, C. S. Myers and George W. Seaborn, the sum of twelve hundred and ninety dollars, principal, and the further sum of sixty and 75-100th dollars, interest, making in the aggregate, etc., and all costs of suit, etc.," after which the record proceeds as follows: "It is ordered, adjudged and decreed by the court, that the vendor's lien be hereby foreclosed upon the

following described tract of land, to-wit:" (describing it,) " and that the clerk of this court issue an order of sale to the sheriff of said county," (Davis, where the land was described as lying,) " commanding him, the said sheriff, to seize and sell the above described land in lots," " of 10 nor more 40 acres each " " as under execution," and that he apply the proceeds to the " payment and satisfaction" of the sum of one thousand three hundred and fifty 25-100th dollars, with all interest that may be due thereon, and all cost of this suit, and if the said land shall sell for more than sufficient to pay off and satisfy said sum of money " then the said is hereby " directed to pay over the excess to the defendant. But if the said land shall not sell for enough to pay off and satisfy this judgment then the clerk of this court is directed to issue execution for the balance unpaid.

Appellant, in the court below, demurred to the complaint; which demurrer was confessed, and an amended complaint was filed, whereby appellant set out the recovery of the judgment in Texas, and that the same remained in full force, in nowise set aside, reversed or satisfied; exhibiting a transcript of the record of the judgment recovered in Texas, concluded with the usual averment of non-payment and prayer for judgment.

To this amended complaint Seaborn demurred on the grounds that the judgment was for the sale of land, and execution was only to be issued for balance. The court overruled this demurrer, and rendered judgment for Henry & Co., on failure of Seaborn to answer. Seaborn appealed and here argues that the Circuit Court of St. Francis county erred in overruling his demurrer, which is the only question presented upon the record.

Passing by all questions as to whether the objection here raised was properly presented by demurrer, and whether or not the complaint, if good on its face, should have been looked to on demurrer alone, without regard to the exhibit; we presume that

the laws of Texas are like those of Arkansas, in the absence of any averment or proof to the contrary, on the part of the party upon whom the affirmation of showing a difference may rest.

Here we have exhibited a personal judgment against Seaborn for a specific sum, based on a personal liability. In this State, if from a lapse of time, or death of parties, or other cause, it were to become necessary to sue on such a judgment, either to revive it by *sci. fa.*, or to procure its allowance in the Probate Court, or under proper circumstances to make it the foundation of an action of debt, we think the suit could be maintained, and that it would devolve on the defendant to show satisfaction, by sale of the land or otherwise, before he could bar a judgment for this cause.

Holding these views and being bound to give full faith and credit to the records of a sister State, we find no error in the record of the proceedings of the Circuit Court of St. Francis county in overruling this demurrer, and affirm its judgment.